**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI,**
**EASTERN DIVISION**

| | |
|---|---|
| IRVING PARROT, Individually, and as Surviving Spouse of CATHY PARROT, deceased, | |
| Plaintiff, | Case No.: 4:19-cv-2634 |
| v. | |
| | JURY TRIAL DEMANDED |
| MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX LLC; PURDUE PHARMA L.P.; THE PURDUE FREDERICK COMPANY; TEVA PHARMACEUTICALS USA, INC.; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; NORMACO, INC.; ALLERGAN USA; WATSON PHARMACEUTICALS, INC. N/K/A ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC, ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; MYLAN PHARMACEUTICALS INC.; MYLAN N.V.; DEPOMED, INC.; INSYS; PHARMA, INC., OPERATING AS INSYS THERAPEUTICS, INC.; and JOHN DOES 1-50; | |
| Defendants. | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Teva Pharmaceuticals USA, Inc. ("Removing Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove the above-captioned action from the Twenty-Second Judicial District, St. Louis City, Missouri Circuit Court, Case No. 1922-CC00031. The grounds for removal are set forth as follows:

1. Plaintiff initiated this action by Petition filed on January 3, 2019 in the Twenty-Second Judicial District, St. Louis City, Missouri Circuit Court, captioned *Irving Parrot, Individually and as Surviving Spouse of Cathy Parrot, deceased, v. Mallinckrodt PLC, et al.*, docket no. 1922-CC00031. A true and correct copy of Plaintiff's Complaint is included in the state court file, attached hereto as Exhibit "A."

2. Plaintiff's Complaint has not yet been served upon Removing Defendant.

3. According to the docket and upon information and belief, Plaintiff has not served this Complaint on any of the defendants.

4. Because Plaintiff's Complaint has not been served on any of the defendants, the 30-day period within which to file a Notice of Removal under 28 U.S.C. § 1446(b) has not begun, and this Notice of Removal is therefore timely filed.

5. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by a defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Here, the state court action is pending in St. Louis City, Missouri. Therefore, removal to this district court is proper.

6. The United States District Court for the Eastern District of Missouri has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. A United States District Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331.

8. The determination of whether a claim "arises under" federal law must be made by reference to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

9. This lawsuit is one of thousands of federal actions pending nationwide alleging that pharmaceutical manufacturers engaged in unfair or deceptive marketing practices related to their FDA-approved opioid medications, negligently marketed their products and/or unreasonably failed to restrict sales to certain downstream customers. See Exhibit A, Plaintiff's Complaint, Counts II through VIII.

10. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") transferred more than sixty cases containing allegations of deceptive marketing practices to the Honorable Dan A. Polster of the United States District Court for the Northern District of Ohio for coordinated multidistrict litigation ("MDL"). See *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (hereinafter, "MDL"), Doc. 328 (Dec. 5, 2017 Transfer Order, attached hereto as Exhibit B).

11. Since issuing its Transfer Order, the JPML has transferred more than 1,800 actions to the MDL, including numerous wrongful death actions removed by individual defendants. See, *e.g.*, MDL Doc. 1750 MDL Doc. 2133 (Aug. 1, 2018 Transfer Order); MDL Doc. 2640 (Oct. 3, 2018 Transfer Order); MDL Doc. 3169 (Dec. 6, 2018 Transfer Order); MDL Doc. 3703 (Feb. 7, 2019 Transfer Order); MDL Doc. 4053 (Apr. 3, 2019 Transfer Order); MDL Doc. 2124 (Aug. 1, 2019 Transfer Order); MDL Doc. 4537 (June 5, 2019 Transfer Order); MDL Doc. 5097 (July 31, 2019 Transfer Order); MDL Doc. 5676 (Sept. 24, 2019 Transfer Order), attached collectively as Exhibit C.

12. Plaintiff asserts eight (8) causes of action, comprised of one count of medical malpractice against only the "Physician Defendants" and seven counts against Removing Defendant and the remaining "Defendant Drug Manufacturers."

13. Specifically, Count II, for "Negligence Per Se—Illegal Diversion," alleges that "Missouri and Federal law mandate that the Defendant Drug Manufacturers [including Removing Defendant] implement effective controls and procedures in their supply chains to guard against theft, diversion and the abuse of prescription opioids" and the Defendant Drug Manufactures "failed to adequately design and operate a system to detect, halt and report suspicious orders of prescription opioids." Exhibit A, Complaint, ¶ 22. In support of this allegation, Plaintiff specifically cites to Missouri and federal law: "See MO. 20 CSR 2220-5.060 and [21] USC sect. 801 et seq)." *Id.*

14. Likewise, in Count III, for "Negligence," Plaintiff alleges that her injuries "were caused by the duties under Missouri and federal law and the breach of Defendant Drug Manufacturers" of those duties, including "[c]arelessly and negligently researching, manufacturing, selling, merchandising, advertising, promoting, labeling, analyzing, testing, distributing, and marketing their opioid products." Exhibit A, Complaint, ¶ 35.

15. Count IV of Plaintiff's Complaint purports to allege a claim for "Fraud in the Omission," contending that their prescription drug products, including opioids, "are specifically known to Defendant Drug Manufacturers to be dangerous under state and federal law" and Defendant Drug Manufacturers were under "obligations to monitor and notify the authority under state and federal law that to the extent everyone agrees it has reached epidemic proportions and killed about 60,000 a year." Exhibit A, Complaint, ¶¶ 58, 67.

16. The federal law repeatedly and explicitly cited by Plaintiff in three of the seven counts (Counts II, III, and IV) asserted against Removing Defendant is the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, more commonly known as the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*. The CSA was enacted "to control the illegal manufacture and distribution of substances which, while they may have legitimate medical purposes, are subject to abuse and have a 'substantial and detrimental effect on the health and general welfare of the American people.'" *United States v. Picklesimer*, 585 F.2d 1199, 1202-1203 (3d Cir. 1978) (quoting 21 U.S. § 801(2) (Congressional findings and declarations)).

17. Title II of the CSA addresses the registration and distribution of controlled substances. 21 U.S.C. §§ 821-832. Pursuant to the CSA, manufacturers, distributors, and dispensers of controlled substances must be registered with the Drug Enforcement Administration ("DEA"), the federal agency charged with enforcement of the CSA. 21 U.S.C. §§ 822, 823.

18. The CSA and its implementing regulations set forth strict requirements regarding registration, labeling and packaging, production quotas, drug security and recordkeeping. 21 C.F.R. § 1301 *et seq*. (2004).

19. With respect to pharmaceutical controlled substances, DEA's responsibility is twofold: to prevent diversion and abuse of these substances while ensuring an adequate and uninterrupted supply is available to meet the country's legitimate medical, scientific, and research needs. Under the framework of the CSA, all controlled substance transactions take place within a "closed system" of distribution established by Congress. Within this "closed system" all legitimate handlers of controlled substances – manufacturers, distributors,

physicians, pharmacies, and others, must be registered with DEA (unless exempt) and maintain strict accounting for all controlled substance transactions. 21 C.F.R. § 1301 *et seq.* (2004).

20. The Administrator of the DEA on behalf of the United States Attorney General can take remedial actions against a manufacturer of controlled substances that fails to follow federal statutory law and DEA regulations. 21 U.S.C. § 824; 28 C.F.R. § 0.100.

21. Federal courts have found removal proper where federal question jurisdiction was based on private efforts to enforce the CSA, as is the case here. See, *e.g.*, *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 897 (10th Cir. 2017) (holding Plaintiffs' "attempts to privately enforce the CSA . . . raise, at a minimum, 'substantial question[s] of federal law' . . . sufficient for the district court to have exercised jurisdiction."); *PharmaCann Penn, LLC v. BV Dev. Superstition RR, LLC*, 318 F. Supp. 3d 708, 714 (E.D. Pa. 2018) ("federal courts have jurisdiction to hear disputed, necessarily raised, and substantial questions about the application of federal drug law" and agreeing that there was "federal question jurisdiction over this dispute").

22. Because Plaintiff's Complaint explicitly invokes the CSA, repeatedly cites to purported duties arising under that federal law, and alleges defendant's violations of the CSA, federal jurisdiction exists and removal of this action is appropriate under 28 U.S.C. §§1441(a).

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal has been provided to Plaintiff and is being filed with the Missouri Circuit Court, Twenty-Second Judicial Circuit, St. Louis City.

24. Judicial economy, fairness, and convenience to the parties will be served by removing this state action to federal court.

25. Pursuant to the removal requirements of this Court, the Civil Cover Sheet is attached hereto as Exhibit D, and the Original Filing Form is attached hereto as Exhibit E.

26. By filing this Notice of Removal, Removing Defendant does not waive, and expressly reserves, its rights to assert any and all defenses and/or objections to which it may be entitled.

WHEREFORE, Defendant Teva Pharmaceuticals USA, Inc. respectfully removes this action now pending in the Missouri Circuit Court, Twenty-Second Judicial Circuit, St. Louis City to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

Dated: September 25, 2019

**BRYAN CAVE LEIGHTON PAISNER LLP**

/s/ *Bettina J. Strauss*
Bettina J. Strauss, MO# 44629
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
bjstrauss@bclplaw.com

Terry M. Henry*
Melanie S. Carter*
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5644 / 5720
THenry@blankrome.com
MCarter@blankrome.com